IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY R. IVERSON, DAWN M.
IVERSON, GEORGE HOWELL, III and
GH HEATING & AIR LLC,

    Plaintiffs,

v.

                Case No: 23-CV-718

J. DAVID TAX LAW, LLC,

    Defendant.

## DEFENDANT J. DAVID TAX LAW, LLC'S NOTICE OF REMOVAL

TO:    Plaintiffs Larry R. Iverson, Dawn M. Iverson,
George Howell III, and GH Heating & Air, LLC –
on behalf of themselves and all others similarly situated.
c/o Attorney Kyle Hanson
Hanson Law Group LLP
1000 Hart Rd., Suite 300
Barrington, Illinois 60010

PLEASE TAKE NOTICE that Defendant, J. David Tax Law, LLC ("Defendant") hereby removes this action from the Circuit Court for Rock County, Wisconsin, to the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1446 and 1332(d) (the Class Action Fairness Act or "CAFA"). The grounds for removal of this action are as follows:

1.    On September 8, 2023, Larry R. Iverson, Dawn M. Iverson, George Howell III, and GH Heating & Air LLC (collectively, "Plaintiffs") commenced this action by filing a Summons and Complaint (the "Complaint") in the Circuit Court for Rock County, Wisconsin, Case No. 2023CV000892. In general, Plaintiffs allege that Defendant charged unreasonable and illegal fees associated with legal services, committed malpractice as to the Iverson Plaintiffs, and made

1

fraudulent misrepresentations in violation of Wis. Stat. § 100.18. A true and correct copy of the Summons and Complaint, together with Defendant's registered agent's record reflecting its service, is attached as **Exhibit 1**.

2. On September 25, 2023 at 1:29 p.m., Plaintiffs served the Complaint on Defendant's registered agent. (*See* Ex. 1 at 1.) This Notice of removal is thus timely under 28 U.S.C. § 1446(b)(3) because thirty (30) days have not elapsed since Defendant received the Complaint. (*See* Ex. 1 at 1.)

3. Plaintiffs allege that they bring this action on their behalf and on behalf of the members of a proposed class consisting of hundreds of individuals or entities. (Complaint, ¶ 47.)

4. Plaintiffs allege that Defendant is liable for actual damages of at least $62,000.00 to the Iversons and at least $21,400.00 to the Howells as well as other forms of damages. (Complaint, ¶¶ 14, 27, and p. 8-9.)

5. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is diversity of citizenship between Plaintiffs and Defendant and the amount in controversy alleged by the Plaintiffs exceeds $5,000,000.00 in aggregate. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. 1332(d) had the action been brought in federal court originally.

6. Plaintiffs are citizens and residents of the State of Wisconsin. (*See* Compl. ¶¶ 2-4.)

7. Defendant is a limited liability company organized under the laws of the State of Florida, with a principal place of business located 7077 Bonneval Road, Suite 200, Jacksonville, Florida 32216, it is considered to be a citizen solely of the State of Florida.

8. Defendant does not maintain a principal place of business within the State of Wisconsin.

9. Defendant's sole member is Jonathan Sooriash.

10. The amount in controversy in this case allegedly exceeds $5,000,000.00, exclusive of interests and costs.

11. Plaintiffs defined the proposed class as, "all Wisconsin residents who contracted with J. David within the applicable statute(s) of limitations." (Compl. ¶ 46.)

12. The statute of limitations in Wisconsin for fraudulent misrepresentation is six years. *See* Wis. Stat. § 893.93(b).

13. Plaintiffs themselves allege that the class compromises "hundreds of members" and the Plaintiffs claim average damages of $41,700.00 per plaintiff. (*See* Compl. ¶¶ 14, 27 and 47.)

14. Thus, for a six-year class period, the Plaintiffs allege an amount in controversy in excess of $5,000,000.00 in aggregate, exclusive of interest and costs.

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

15. The "local controversy" exception, 28 U.S.C. § 1332(d)(4), is, "narrow, and the legislative history of CAFA reveals a strong preference that interstate class actions should be heard in a federal court if properly removed." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017) (citing *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006)) (internal citations omitted).

16. Under 28 U.S.C. § 1332(d)(4), the Plaintiffs bear the burden of establishing the "local controversy" exception to federal jurisdiction applies. *Hart,* 457 F.3d at 681 (7th Cir.2006).

17. Under the first element, 28 U.S.C. § 1332(d)(4)(A)(i)(I), Plaintiffs must prove that the action is a class in which greater than two-thirds of the "members of all proposed plaintiff classes in the aggregate are citizens of [Wisconsin]." *Id*. Plaintiffs' proposed class does not allege the citizenship of the proposed class members and, therefore, on the date the case was removed the

rate of class members citizenship is unknown and the "local controversy" exception does not apply. *See Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (noting "plaintiffs needed to produce some evidence that would allow the court to determine the class members' citizenships on the date the case was removed.")

18. Under the second element, 28 U.S.C. § 1332(d)(4)(A)(i)(II), Plaintiffs must show that: "at least 1 defendant is a defendant: (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed…" *Id.* Plaintiff does not allege that Defendant is a citizen of the State of Wisconsin (and Defendant is not). (Compl., ¶ 1.) As there is no local defendant in this matter, the "local controversy" exception does not apply. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

19. The "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply to this case because Defendant is the primary defendant and is not a citizen of Wisconsin.

20. Exhibit 1 contains true and correct copies of all process, pleadings, and orders served upon Defendant.

21. Promptly after the filing of this Notice of Removal, Defendant will notify Plaintiffs and the Clerk of the Circuit Court for Rock County that this case has been removed.

Dated this 16th day of October, 2023.

                                                              CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendant, J. David Tax Law, LLC

BY: */s/ Matthew J. Tobin*
      SAMUEL C. HALL, JR.
      State Bar No. 1045476
      MATTHEW J. TOBIN
      State Bar No. 1097545

P.O. Address:
Crivello, Nichols & Hall, S.C.
710 N. Plankinton Avenue
Milwaukee, WI 53203
414-271-7722
shall@crivellolaw.com
mtobin@crivllolaw.com

5