FILED
09-08-2023
Clerk of Circuit Court
Rock County, Wisconsin
2023CV000892
Honorable Jeffrey S. Kuglitsch
Branch 3

**State of Wisconsin**
**Rock County Circuit Court**

| | |
|---|---|
| Larry R. Iverson, Dawn M. Iverson, George Howell III, and GH Heating & Air LLC –on behalf of themselves and all others similarly situated,<br><br>c/o Hanson Law Group LLP<br>1000 Hart Road, Suite 300<br>Barrington, IL 60010<br><br>Plaintiffs,<br>vs.<br><br>J. David Tax Law, LLC,<br><br>7077 Bonneval Road, Suite 200<br>Jacksonville, FL 32216<br><br>Defendant. | Case No.:<br><br>Case Code: 30303<br><br>RG#514<br>9/25/23<br>1:29pm |

## Summons

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within **20** days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is **51 S Main St, Janesville, WI 53545,** and to Hanson Law Group LLP c/o Kyle Hanson, Plaintiff's attorney, whose address is 1000 Hart Rd. Suite 300, Barrington, IL 60010. You may have an attorney help or represent you.

If you do not provide a proper answer within **20** days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

**EXHIBIT 1**

Dated: September 8, 2023    Respectfully Submitted:
*Electronically signed by Kyle Hanson*
Kyle Hanson, Plaintiff's Attorney
State Bar No.: 1085048
Hanson Law Group LLP
1000 Hart Rd. Suite 300
Barrington, IL 60010
Main: 847 277 9988
kylehanson@hansonlawgrp.com

## ABOUT OUR FIRM



**Jonathan D. Soorlash**
*Managing Partner*

J. David Tax Law® is a Tax Firm that provides customized tax solutions that enable you to overcome your tax problems and successfully get on with your life. We are not a tax relief or tax resolution company.

At our firm, only an experienced tax attorney will work on your case. We have represented and helped thousands of individuals and businesses in the United States solve IRS and State Tax Debt issues, people just like you. We have flexible fee payment plans that make professional representation affordable for everyone. We consistently provide our clients relief from bank levies, wage garnishments, and Federal or State tax liens. In most cases we can get IRS or State wage garnishments removed within 48 hours.

We offer a No Cost Professional Consultation to start the process of ending your tax burden. Peace of mind is only a click or phone call away.®

# Exhibit A

# J DAVID TAX LAW

7077 Bonneval Road, Suite 200, Jacksonville, FL 32216
Phone: 877-845-2460 & Fax: 877-312-0072
www.jdavidtaxlaw.com

April 15, 2021

## ENGAGEMENT AND RETAINER AGREEMENT

This engagement and retainer agreement ("Agreement") is entered into on the 15th day of April 2021, by and between **Larry R. & Dawn M. Iverson & Iverson Construction LLC** whose mailing address is, **9523 N Murray Rd, Evansville, WI 53536** ("Client" or "I" or "Me") and J. David Tax Law, LLC located at 7077 Bonneval Road, Suite 200, Jacksonville, FL 32216 ("Firm").

I, Larry R. & Dawn M. Iverson & Iverson Construction LLC retain the Firm to assist with: **Federal tax representation ("Services")**. I authorize the Firm to do and perform all acts on my behalf that are necessary and appropriate in rendering such Services. I understand that this Agreement obligates me to pay the Firm for all tax preparation and legal/consulting services rendered during the course of the Firm's representation.

- I hereby understand and agree to pay the Firm a non-refundable fee of **$62,000.00 which must be paid in accordance with payment agreement**, which is earned upon receipt. This will cover the following services:

1. **Filing Federal Power of Attorney and all necessary supporting documents establishing tax attorney as representative and advocate.**

2. **Investigating accuracy and validity of tax debt.**

3. **Requesting a Stay on Collections (collections hold) for tax liability.**

4. **Communicating and negotiating with Internal Revenue Service Revenue Officer to shelter client from collection harassment.**

5. **Negotiating maximum penalty abatement, the client qualifies for.**

6. **Performing a detailed financial analysis to determine the best available resolution for Federal tax debt resolution.**

7. **Negotiating best available resolution for Federal tax debt.**

8. **Representing and advocating for the Client through the process of filing a Whistleblower claim with the Internal Revenue Service.**

9. **Collecting all information necessary to establish that the Client's employer willfully neglected to pay Federal taxes and instructed the Client not to pay the payroll or any other taxes owed to the Internal Revenue Service.**

10. **Attempting to shield the Client from any tax debt liability owed by the employer and/or criminal prosecution for any charges that the IRS or Treasury Department may file. The Federal Whistleblower process will be the vehicle used to ensure both of the latter do not happen to the Client.**

Version 11/11/20

**Exhibit B**

DocuSign Envelope ID: F47CFFB5-AFC6-4CFA-96ED-DADF9C79F9EB

11. **Seeking the maximum monetary award possible under the Internal Revenue Service Whistleblower provision.**

- I hereby understand and agree the Firm may require me to pay additional fees if I request additions to the services outlined directly above. The Firm's expectations of me are to:
  - debit fee payments as they are scheduled on the Payment Authorization;
  - truthfully respond to the Firm's requests for information; and get all requested documents back to the firm within 7 days of them being requested;
  - promptly notify the Firm of any changes in the facts/circumstances of my case.
- I hereby understand and agree to pay for all services performed on my behalf promptly, as reflected in the Payment Authorization. I understand that charging back any amount after services have been rendered constitutes theft of services which is a criminal offense that the firm would be forced to prosecute.
- I hereby understand and agree the Firm shall have the right to withdraw from the matter(s) if I do not make payment required by this Agreement, if I have misrepresented or failed to disclose material facts to the Firm or if I fail to follow the advice rendered by my attorney. In any of these events, I hereby agree to execute such necessary documents as shall permit the Firm to withdraw.
- I understand that my case is being done on a flat-fee basis, not hourly. However, if the contract is not paid in full or canceled by the client that J. David Tax Law will bill at the normal hourly non-refundable rate of $475.00 per hour for hours tracked in our billable time-tracking system that are spent working on the client's case.
- I hereby understand and agree that in the event of any dispute as a result of any provision hereof for the interpretation hereof or otherwise or in any way arising out of our relationship as attorney and Client, if the Firm shall be the prevailing party, then they shall be entitled to collect from Me all costs and expenses necessitated in such dispute including, but not limited to, reasonable attorney's fees. All such disputes and any counterclaim against the Firm in a collection action for set off because of any alleged improper act or acts on the part of the Firm shall be submitted to and shall be settled by a panel of three (3) arbitrators, all of whom are lawyers licensed by the Florida bar, one of whom shall be selected by Me, one by the Firm and the third by the two (2) already selected. The Firm and I further hereby agree that the award of the arbitrators shall be accepted as the final determination of the matter and shall be binding on both me and the Firm. Lastly, I understand that all disputes are governed by the jurisdiction and laws of Jacksonville, Florida in Duval County.
- I hereby understand and agree the provisions of this Agreement shall apply only to the Services referenced above and, unless otherwise specifically provided.
- I hereby understand and agree that my cooperation, as the Client is very important. I have been informed that I must keep the Firm informed immediately of any change of address, phone number, email, employment and circumstances. I understand that full disclosure of all facts is essential to enable the Firm to properly represent Me. I shall promptly fill out and return all papers sent to Me, and shall provide, without limitation, all documentation required or requested by the Firm and mandatory disclosures or requests for documents within 7 days of the request. I understand that my file shall be administratively closed, and I shall be subject to a reactivation fee should I fail to cooperate or provide all documentation or mandatory disclosures required or requested by the Firm.

**READ, APPROVED, AND HEREBY ACCEPTED:**

By: _____  04/15/2021
Client's Signature                     Date

_____  04/15/2021
Client's Signature                     Date

█████████                              █████████
Client's Primary Phone Number          Client's Primary Email

Version 11/11/20

# J David Tax Law

7077 Bonneval Rd, STE 200, Jacksonville, FL 32216
Phone: 904-575-9456
www.jdavidtaxlaw.com

TO: Wisconsin Tax Appeals Commission

RE: Dawn Iverson Assessment, WI Tax Number ▮▮▮▮▮

To whom it may concern,

I am an Attorney representing the above referenced taxpayer, Dawn Iverson. We are appealing the proposed assessment of the withholding related liability for the periods ending January 1, 2016, through December 31, 2016.

The record needs to be corrected to show that Dawn Iverson had no ownership, decision making powers, or financial oversight for the business that the liability stems from, Iverson Construction, LLC. Dawn's Father-in-law, Richard Iverson had full and complete control of the company, made all decisions regarding paying which creditors at which time, and has been hiding and transferring assets from the business to himself personally in order to avoid collection on the business liability.

Dawn and her Husband Larry Iverson are currently in litigation with Richard Iverson over the assets that Richard wrongfully dissipated from the company, and then later tried to leave Dawn and Larry responsible for any remaining bills.

The current litigation is going through depositions and evidence gathering that we believe will clear up the current proposed assessment against Dawn Iverson. Through the litigation, the most recent indication that Richard has been absconding with funds that should have been applied to the outstanding tax liabilities is a balance sheet dated February 17, 2022, which indicates the business still has over 4 and a half million dollars' worth of equity. This balance sheet has been enclosed for reference and has been marked as Exhibit K through the discovery process of the litigation.

At this juncture, we are requesting additional review to determine that Dawn was not in fact a responsible party, and should not be held liable, and additionally, further review in to the finances of Iverson Construction, LLC and Richard Iverson, as the original balances that are the basis of this proposal should be fully paid from the fund that Richard Iverson misappropriated. The current litigation is going through forensic accounting to shed light on the misappropriated funds.

Sincerely,


Jesse W. Fleet, Esq.
J. David Tax Law
Senior Tax Attorney
904-575-9456
Jesse.Fleet@jdavidtaxlaw.com

Enc:
Iverson Construction, LLC Balance Sheet dated 2/17/2022

**Exhibit C**

# J DAVID TAX LAW

7077 Bonneval Rd, STE 200, Jacksonville, FL 32216
Phone: 904-575-9456
www.jdavidtaxlaw.com

TO: Wisconsin Tax Appeals Commission

RE: Larry Iverson Assessment, WI Tax Number ▮▮▮▮▮▮▮

To whom it may concern,

I am an Attorney representing the above referenced taxpayer, Larry Iverson. We are appealing the proposed assessment of the withholding related liability for the periods ending January 1, 2016, through December 31, 2016.

The record needs to be corrected to show that Larry Iverson had limited ownership, decision making powers, and financial oversight for the business that the liability stems from, Iverson Construction, LLC. Larry's Father, Richard Iverson had full and complete control of the company, made all decisions regarding paying which creditors at which time, and has been hiding and transferring assets from the business to himself personally in order to avoid collection on the business liability.

Larry and his wife Dawn Iverson are currently in litigation with Richard Iverson over the assets that Richard wrongfully dissipated from the company, and then later tried to leave Dawn and Larry responsible for any remaining bills.

The current litigation is going through depositions and evidence gathering that we believe will clear up the current proposed assessment against Larry Iverson. Through the litigation, the most recent indication that Richard has been absconding with funds that should have been applied to the outstanding tax liabilities is a balance sheet dated February 17, 2022, which indicates the business still has over 4 and a half million dollars' worth of equity. This balance sheet has been enclosed for reference and has been marked as Exhibit K through the discovery process of the litigation.

At this juncture, we are requesting additional review to determine that Larry was not in fact a responsible party, and should not be held liable, and additionally, further review in to the finances of Iverson Construction, LLC and Richard Iverson, as the original balances that are the basis of this proposal should be fully paid from the fund that Richard Iverson misappropriated. The current litigation is going through forensic accounting to shed light on the misappropriated funds.

Sincerely,

Jesse W. Fleet, Esq.
J. David Tax Law
Senior Tax Attorney
904-575-9456
Jesse.Fleet@jdavidtaxlaw.com

Enc:
Iverson Construction, LLC Balance Sheet dated 2/17/2022

# J DAVID TAX LAW

7077 Bonneval Road, Suite 200, Jacksonville, FL 32216
Phone: 877-845-2460 & Fax: 877-312-0072
www.jdavidtaxlaw.com

April 6, 2022

## ENGAGEMENT AND RETAINER AGREEMENT

This engagement and retainer agreement ("Agreement") is entered into on the 6th day of April 2022, by and between **George E. Howell III & GH Heating & Air LLC** whose mailing address is, **6820 N Francis Rd. Evansville, WI 53536** ("Client" or "I" or "Me") and J. David Tax Law, LLC located at 7077 Bonneval Road, Suite 200, Jacksonville, FL 32216 ("Firm").

I, **George E. Howell III & GH Heating & Air LLC**, retain the Firm to assist with: **Federal & State of Wisconsin tax representation ("Services")**. I authorize the Firm to do and perform all acts on my behalf that are necessary and appropriate in rendering such Services. I understand that this Agreement obligates me to pay the Firm for all tax preparation and legal/consulting services rendered during the course of the Firm's representation.

- I hereby understand and agree to pay the Firm a non-refundable fee of **$21,400.00 which must be paid in accordance with payment agreement**, which is earned upon receipt. This will cover the following services:

    1. **Filing Federal & State of Wisconsin Business & Personal Powers of Attorney and all necessary supporting documents establishing tax attorney as representative and advocate.**

    2. **Requesting a Stay on Collections (Collection Hold) for Federal & State of Wisconsin tax liability.**

    3. **Investigating accuracy and validity of Federal & State of Wisconsin tax debt.**

    4. **Investigating State of Wisconsin tax transcripts to prepare for State of Wisconsin audit representation/reconsideration for 2014, 2015, & 2016.**

    5. **Interacting with State of Wisconsin and representing client in State of Wisconsin Audit Interview for 2014, 2015 & 2016.**

    6. **Appealing State of Wisconsin Examiners' determination and filing an administrative appeal on the Examiners' determination, if needed.**

    7. **Communicating and reporting to clients all interactions and correspondence with Internal Revenue Service.**

    8. **Negotiating maximum penalty abatement the client qualifies for.**

    9. **Performing a detailed financial analysis to determine the best available resolution for Federal & State of Wisconsin tax debt resolution.**

Version 09/09/21

**Exhibit D**

**10. Negotiating best available resolution for State of Wisconsin sales tax & Federal payroll, business & personal income tax debt.**

- I hereby understand and agree the Firm may require me to pay additional fees if I request additions to the services outlined directly above. The Firm's expectations of me are to:
  - ensure fee payments debit as they are scheduled on the Payment Authorization;
  - truthfully respond to the Firm's requests for information; and get all requested documents back to the firm within 7 days of them being requested;
  - promptly notify the Firm of any changes in the facts/circumstances of my case.

I hereby understand and agree to pay for all services performed on my behalf promptly, as reflected in the Payment Authorization. I understand that charging back any amount after services have been rendered constitutes theft of services which is a criminal offense that the firm would be forced to prosecute. If we do not receive your payment, we will be required to withdraw from representation as your attorney of record in your legal proceedings before the Court or any other proceedings in process with the tax agency we are representing you before.

- I hereby understand and agree the Firm shall have the right to withdraw from the matter(s) if I do not make payment required by this Agreement, if I have misrepresented or failed to disclose material facts to the Firm or if I fail to follow the advice rendered by my attorney. In any of these events, I hereby agree to execute such necessary documents as shall permit the Firm to withdraw.

- I understand that my case is being done on a flat-fee basis, not hourly. However, if the contract is not paid in full or canceled by the client that J. David Tax Law will bill at the normal hourly non-refundable rate of $475.00 per hour for hours tracked in our billable time-tracking system that are spent working on the client's case. In the event of a case cancellation any outstanding fee amount due to the firm must be paid within seven business days.

- I hereby understand and agree that in the event of any dispute as a result of any provision hereof for the interpretation hereof or otherwise or in any way arising out of our relationship as attorney and Client, if the Firm shall be the prevailing party, then they shall be entitled to collect from Me all costs and expenses necessitated in such dispute including, but not limited to, reasonable attorney's fees. All such disputes and any counterclaim against the Firm in a collection action for set off because of any alleged improper act or acts on the part of the Firm shall be submitted to and shall be settled by a panel of three (3) arbitrators, all of whom are lawyers licensed by the Florida bar, one of whom shall be selected by Me, one by the Firm and the third by the two (2) already selected. The Firm and I further hereby agree that the award of the arbitrators shall be accepted as the final determination of the matter and shall be binding on both me and the Firm. Lastly, I understand that all disputes are governed by the jurisdiction and laws of Jacksonville, Florida in Duval County.

- I hereby understand and agree the provisions of this Agreement shall apply only to the Services referenced above and, unless otherwise specifically provided.

Version 09/09/21

- I hereby understand and agree that my cooperation, as the Client is very important. I have been informed that I must keep the Firm informed immediately of any change of address, phone number, email, employment and circumstances. I understand that full disclosure of all facts is essential to enable the Firm to properly represent Me. I shall promptly fill out and return all documents sent to Me, and shall provide, without limitation, all documentation required or requested by the Firm and mandatory disclosures or requests for documents within 7 days of the request. I understand that failure to provide documentation that is requested puts you in breach of contract with the firm. I understand that my file shall be administratively closed, and I shall be subject to a reactivation fee should I fail to cooperate or provide all documentation or mandatory disclosures required or requested by the Firm.

**READ, APPROVED, AND HEREBY ACCEPTED:**

By: _____  04/07/2022
    Client's Signature                                     Date

_____     _____
Client's Primary Phone Number           Client's Primary Email

Version 09/09/21

| | | | FILED |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **ROCK** | 09-08-2023 |
| Larry R. Iverson et al vs. J. David Tax Law, LLC | **Electronic Filing Notice** | | Clerk of Circuit Court |
| | | | Rock County, Wisconsin |
| | Case No. 2023CV000892 | | 2023CV000892 |
| | Class Code: Other-Contract | | Honorable Jeffrey S. Kuglitsch |
| | | | Branch 3 |

J. DAVID TAX LAW, LLC
7077 BONNEVAL ROAD, SUITE 200
JACKSONVILLE FL 32216

Case number 2023CV000892 was electronically filed with/converted by the Rock County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 3f7e32**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-743-2210.

Rock County Circuit Court
Date: September 11, 2023

FILED
09-08-2023
Clerk of Circuit Court
Rock County, Wisconsin
2023CV000892
Honorable Jeffrey S. Kuglitsch
Branch 3

**State of Wisconsin**
**Rock County Circuit Court**

| | |
|---|---|
| Larry R. Iverson, Dawn M. Iverson, George Howell III, and GH Heating & Air LLC —on behalf of themselves and all others similarly situated, | Case No.: |
| Plaintiffs, | Case Code: 30303 |
| v. | |
| J. David Tax Law, LLC, | |
| Defendant. | |

## Complaint

NOW COME Plaintiffs, Larry R. Iverson, Dawn M. Iverson, George Howell III, and GH Heating & Air LLC, by and through their attorneys, Kyle Hanson and Hanson Law Group, LLP, and hereby file this Complaint against Defendant J. David Tax Law, LLC. The claims are plead in the alternative, and each paragraph and allegation is incorporated into each of the other counts as necessary to state a claim.

### Parties

1. J. David Tax Law, LLC ("J. David") is a limited liability company organized under the laws of the State of Florida, with a principal place of business located at 7077 Bonneval Road, Suite 200, Jacksonville, Florida 32216.

2. Larry R. Iverson and Dawn M. Iverson, collectively referred to as "the Iversons," are natural persons who are adult residents of the State of Wisconsin in Rock County, residing at 9523 N Murray Rd, Evansville, WI 53536.

3. George Howell III is a natural person and adult resident of the State of Wisconsin, residing at 6820 N Francis Rd., Evansville, Wisconsin 53536.

1

4. GH Heating & Air LLC is a limited liability company organized under the laws of the State of Wisconsin, with principal business address of 315 Water Street, P.O. Box 642, Evansville, Wisconsin 53536.

5. George Howell and GH Heating & Air LLC are collectively referred to as the "Howell Parties."

## Jurisdiction and Venue

6. This civil action arises under the laws of the State of Wisconsin.

7. Jurisdiction is proper under Wis. Stat. § 801.05(1)(c) and (d) and otherwise.

8. Venue is proper under Wis. Stat. § 801.50(2)(a) and (c) and Wis. Stat. § 421.401(1)(a) and (c).

## General Allegations

9. J. David is a "Tax Firm that provides customized tax solutions that enable you to overcome your tax problems and successfully get on with your life." See the "About our Firm" page of the J. David Tax Law, LLC's website at www.jdavidlaw.tax-support.com, a copy of which has been attached hereto as **Exhibit A**.

10. J. David is a law firm subject to the legal and ethical duties of attorneys.

11. J. David represented to the Iversons and the Howell Parties that they had attorneys who were able to address their issues in Wisconsin. Only later did the Iversons and the Howells learn that *none* of J. David's employees were licensed in Wisconsin and that they were not following the ethical requirements for attorneys practicing in this state.

## The Iversons

12. The Iversons contacted J. David to help them address tax collections related to Iverson Construction LLC which was owned by Larry Iverson's father Richard Iverson.

2

13. The Iversons signed an Engagement and Retainer Agreement with J. David on April 15, 2021, a copy of which has been attached hereto as **Exhibit B.**

14. The Engagement and Retainer Agreement required the Iversons to pay $62,000.00 in exchange for tax services relating to the Iversons' tax assessments for the years 1995 to 2022. *See* **Exhibit B.**

15. The IRS was pursuing Larry Iverson because he had been a member of the LLC. He had limited ownership and very limited control over any of the company accounts or actions. Dawn Iverson had no ownership or control over Iverson Construction LLC.

16. J. David promised that they could shield Dawn Iverson from the tax debt since she was not connected to the LLC in any way.

17. J. David also promised to obtain a stay on collection activity and promised to file a Whistleblower claim with the IRS that would protect the Iversons and would result in a monetary award.

18. Upon information and belief, nothing was ever filed to pursue a Federal Whistleblower action or pursue any monetary award.

19. The IRS is still pursuing the tax debt, but has temporarily placed the Iversons in an uncollectable status because they do not have the ability to pay the amounts owed.

20. The Iversons also discussed the tax assessment from the State of Wisconsin and were told that J. David would address that as well. They were promised that collection efforts could be stayed, that the collection could be properly directed to the owner of the LLC (Richard Iverson) who owed the tax debt, and that the assessment against Dawn Iverson should be voided since she had no ownership interest in the LLC.

21. J. David sent letters to the Wisconsin Tax Appeals Commission to address the tax assessments against Larry and Dawn Iverson. However, because the submissions were not

3

sent by certified mail as required by Wisconsin statute and were received by the Wisconsin Tax Appeals Commission after the deadline for filing an appeal, the requests were dismissed by the Commission. *See* **Exhibit C.**

22. Far from being shielded from the tax debt, the IRS has placed the Iversons in an uncollectable status due to their current inability to pay the taxes, but the liability is still hanging over them.

23. The State of Wisconsin has forced Larry and Dawn Iverson to make monthly payments toward the tax debt which has created a financial hardship for the Iversons.

24. In particular, J. David represented and advised that Dawn Iverson should not be responsible for the tax debt as she had insufficient connection with her father-in-law's company. Despite this, Dawn is suffering economic loss because of J. David's errors and omissions.

### The Howells

25. In April 2022, the Howells contacted J. David for assistance with outstanding tax debts.

26. The Howell Parties signed an Engagement and Retainer Agreement with J. David on April 6, 2022, a copy of which has been attached hereto as **Exhibit D.**

27. The Engagement and Retainer Agreement required the Howell Parties to pay $21,400 in exchange for tax services relating to the Howell Parties tax assessments for the years 2014 to 2016. *See* **Exhibit D.** J. David also agreed to represent the Howell Parties for tax years 2012 and 2013 as well.

### Count 1: Unreasonable and Illegal Fees

28. J. David made an agreement with the Plaintiffs, and charged and collected from the Plaintiffs, an unreasonable fee.

29. The amount charged by J. David was purportedly a "non-refundable fee ... earned upon receipt," but that is unreasonable and otherwise not permitted by law.

4

30. The amount charged by J. David was not a "retainer" (SCR 20:1.0(mm)) because it was specifically not solely to secure J. David's availability but rather for legal services to be later performed.

31. The amount charged by J. David was not an "advanced fee" (SCR 20:1.0(ag)) because it was purportedly earned when paid.

32. In fact, the amount charged by J. David was an unearned fee.

33. J. David mishandled the unearned fee because it did not hold it in trust as required by law (see SCR 20:1.5(f)).

34. J. David has denied the clients' ability to file a claim with the Wisconsin Lawyers' Fund for Client Protection or seek fee arbitration.

35. J. David's fees was unreasonable and illegal, and it should be ordered to disgorge the fee back to its client – in full, or at least to the extent of the illegality and/or unreasonableness.

### **Count 2: Malpractice - Iversons**

36. On behalf of the Iversons, J. David failed to properly serve a notice of appeal to the Wisconsin Department of Revenue (the "DOR").

37. This was not what J. David promised to accomplish for the Iversons, and it falls below J. David's standard of care.

38. This precluded the Iverson's from obtaining relief from the tax debt and has caused the DOR to take money from the Iversons that the Iversons would not have had to pay, but for J. David's error.

39. J. David had an attorney-client relationship with the Iversons, J. David's acts and conduct failed to comport with the degree of care, skill, and judgment of a reasonably prudent lawyer practicing in Wisconsin would exercise under similar circumstances and constituted negligence, and such negligence was the proximate cause of the Iversons' injury.

5

40. Upon information and belief, because among other things none of the attorneys at J. David working for the Plaintiffs were actually licensed in Wisconsin, J. David provided negligent and otherwise deficient counsel and legal services to the Plaintiffs as a class.

### Count 3: Statutory Misrepresentations pursuant to Wis. Stat. § 100.18

41. J. David made, published, or placed before one or more members of the public certain advertisements, announcements, representations, or other statements concerning their tax and legal services.

42. Among other things, J. David represented to consumers, including without limitation the Plaintiffs, that they are a law firm and that (in contrast to tax-resolution or debt-relief companies) clients could expect to be represented by a lawyer licensed in their jurisdiction.

43. Those statements, particularly without limitation those statements detailed above, were untrue, deceptive, or misleading.

44. Plaintiffs have sustained monetary loss as a result of the foregoing.

45. Among other things, J. David represented to the Plaintiffs and induced them to expect that they would not be charged an unreasonable fee and that they would be represented by someone who was familiar with the applicable law and capable of meeting the deadlines and other requirements imposed by the law. But the charges were (and are) unreasonable, and J. David was not so capable.

### Count 4: Class Action Allegations

46. Plaintiffs bring this action as a class action pursuant to Wis. Stat. § 803.08 on behalf of a class consisting of all Wisconsin residents who contracted with J. David within the applicable statute(s) of limitations.

47. Upon information and belief, the members of the Class are so numerous that joinder of all members is impractical. The exact number of Class members is unknown to the Plaintiffs

6

at this time and can be ascertained only through appropriate discovery. Plaintiff believes there may be hundreds of members in the proposed Class. Such members may be identified from records maintained by J. David and may be notified of the pendency of this action by mail.

48. The Plaintiffs, upon information and belief, allege that there are numerous other similarly situated parties with common questions of law and fact central to their claims and arising from the same pattern of practice of J. David of charging unreasonable fees which did not comport in any justifiable way to the actual services performed by J. David.

49. Plaintiffs' claims are typical of the claims of members of the Class as all members of the Class are similarly affected by J. David's wrongful conduct as set forth herein.

50. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in civil litigation.

51. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class include:

    a) Whether J. David's practice of agreeing to, charging, collecting, and handling (or mishandling) "non-refundable fees" is permitted by law;

    b) Whether J. David misrepresented to Wisconsin Consumers that they were a law firm with attorneys actually licensed in Wisconsin;

    c) Whether J. David misrepresented to Wisconsin Consumers that they were a law firm with attorneys capable and qualified to advise clients with respect to Wisconsin law;

    d) Whether clients are entitled to attorney fee arbitration pursuant to Wisconsin law;

7

      e)     Whether the fee and other provisions in J. David's engagement agreements are void or otherwise unenforceable as against public policy;

      f)     What the applicable standard(s) of care applicable to J. David's services was; whether J. David breached the applicable standard(s) of care; and whether and to what extent such breaches caused damage to J. David's clients.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the class is impractical. Furthermore, the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of the Action as a class action.

*  *  *

WHEREFORE, Plaintiffs, on behalf of themselves and the other members of the Class, pray for relief and judgment against the Defendant as follows:

      a)     Determining that this action is a proper class action, certifying one or more of the individual Plaintiffs as Class representatives, and appointing Plaintiffs' counsel as Class Counsel;

      b)     Declaring the fee and other provisions in J. David's engagement agreements are void or otherwise unenforceable as against public policy, respecting the Plaintiffs;

      c)     Declaring that Plaintiffs are entitled to Wisconsin fee arbitration regarding the attorney fees charged by J. David;

      d)     Ordering the disgorgement of attorney fees paid by the Plaintiffs to J. David;

    e)    Judgment in favor of the Plaintiffs for all damages and other amounts awardable to them as permitted by law, including without limitation Plaintiffs' attorney fees and costs pursuant to Wis. Stat. § 100.18; and

    f)    Such further relief as the Court finds appropriate.

Dated: September 8, 2023

Respectfully submitted,
*Electronically signed by Kyle Hanson*

Kyle Hanson | State Bar No.: 1085048
Attorneys for Plaintiffs
Hanson Law Group LLP
1000 Hart Rd. Suite 300
Barrington, IL 60010
Direct: 847 282 0003
kylehanson@hansonlawgrp.com