IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY R. IVERSON, DAWN M. IVERSON, GEORGE
HOWELL III, GH HEATING & AIR LLC, on behalf of
themselves and all others similarly situated,

                        Plaintiffs,

    v.

J. DAVID TAX LAW, LLC,

                        Defendant.

OPINION and ORDER

23-cv-718-jdp

---

The plaintiffs in this proposed class action were clients of defendant J. David Tax Law, LLC. They contend that J. David failed to help them with their tax debts as promised, and they assert three claims.

First, plaintiffs say that J. David charged them "unreasonable and illegal fees." Second, plaintiffs say that J. David committed malpractice. Specifically, Larry Iverson and Dawn Iverson allege that J. David failed to file an appeal of an adverse agency decision. Plaintiffs also allege more generally that J. David was negligent because the lawyers working for the firm were not licensed to practice in Wisconsin. Third, plaintiffs say that J. David violated Wis. Stat. § 100.18 by misrepresenting that it "would not . . . charge[] an unreasonable fee" and it "was familiar with the applicable law and capable of meeting the deadlines and other requirements imposed by law."

Plaintiffs filed the case in state court, but defendants removed it under 28 U.S.C. § 1332(d). It is reasonable to infer from the allegations in the complaint, the notice of removal, and the declaration of Jonathan Sooriash that plaintiffs are citizens of different states from J. David, and the amount in controversy is more than $5,000,000, as required by § 1332(d).

Two motions filed by J. David are before the court. The first motion seeks to compel plaintiffs to arbitrate their claims. Dkt. 6. The second motion seeks to dismiss plaintiffs' claim regarding "unreasonable and illegal fees" and to strike plaintiffs' class allegations. Dkt. 18. The court will deny the motion to compel because the court agrees with plaintiffs that Florida law applies and that the arbitration agreement is invalid under Florida law. The court will deny the motion to dismiss and strike without prejudice because plaintiffs' claims and J. David's motion assume that Wisconsin law applies to this dispute, which appears to be inconsistent with the choice-of-law provision. The court will give the parties an opportunity to file supplemental briefs to allow the court to determine whether and how this case should proceed.

## ANALYSIS

**A. Motion to compel arbitration**

Plaintiffs do not dispute that they entered into an arbitration agreement with J. David. The parties' briefs on the motion to compel focus on two other issues: (1) whether plaintiffs' claims fall within the scope of the arbitration clause; and (2) whether the arbitration clause is enforceable. The court must deny the motion to compel unless it resolves both of these issues in J. David's favor.

**1. Scope of arbitration clause**

Plaintiffs' retainer agreement includes the following section, with the agreement to arbitrate in bold:

> I hereby understand and agree that in the event of any dispute as a result of any provision hereof for the interpretation hereof or otherwise in any way arising out of our relationship as attorney and Client, if the Firm shall be the prevailing party, then they shall be entitled to collect from Me all costs and expenses necessitated in such dispute, including, but not limited to,

2

> reasonable attorney's fees. **All such disputes and any counterclaim against the Firm in a collection action for set off because of any alleged improper act or acts on the part of the Firm shall be submitted to and shall be settled by a panel of three (3) arbitrators**, all of whom are lawyers licensed by the Florida bar, one of whom shall be selected by Me, one by the Firm and the third by the two (2) already selected. The Firm and I further hereby agree that the award of the arbitrators shall be accepted as the final determination of the matter and shall be binding on both me and the Firm. Lastly, I understand that all disputes are governed by the jurisdiction and laws of Jacksonville, Florida in Duval County.

Dkt. 1-1, at 5, 9.

Plaintiffs contend that the scope of the arbitration agreement is limited to collection actions. In other words, plaintiffs' position is that the phrase "in a collection action" modifies both "any counterclaim" *and* "[a]ll such disputes." But that is not a reasonable interpretation. The use of the word "such" refers to the disputes identified in the previous sentence, which plaintiffs ignore. Those disputes include "any dispute . . . in any way arising out of our relationship as attorney and Client." Thus, the arbitration clause could be reasonably read to say, "Any dispute in any way arising out of our relationship as attorney and Client and any counterclaim against the Firm in a collection action for set off because of any alleged improper act or acts on the part of the Firm shall be submitted to arbitration." [1]

The arbitration provision is not a model of clarity, but it is comprehensible. Read in context, the only reasonable interpretation of the arbitration clause is that it applies to both

---

[1] "[A]ll such disputes" also includes disputes about "interpretation" of the retainer agreement. But J. David does not contend that the arbitrator should decide questions about arbitrability, so J. David has forfeited that issue. *See Haas v. Slate Lending of Wisconsin*, No. 21-cv-648-jdp, 2022 WL 2209604, at *2 (W.D. Wis. June 21, 2022) ("There is a presumption that courts decide threshold issues of arbitrability, including . . . whether the arbitration clause applies to a particular type of controversy.").

claims arising out of the attorney-client relationship and to counterclaims for setoff in a collection action brought by J. David. The clause simply does not make any sense if "in a collection action" modifies "[a]ll such disputes" because "[a]ll such disputes" encompasses much more than collection actions. It also makes sense that the arbitration clause would single out counterclaims in a collection action because collection actions are one of the few instances in which a law firm would be suing the client rather than the other way around. Plaintiffs identify no reason why J. David would limit its arbitration agreement to collection actions only.

The court concludes that the arbitration clause is unambiguous, and it applies to all claims arising out of the attorney-client relationship. Plaintiffs' claims are all about alleged failures and wrongdoing in the context of J. David providing plaintiffs legal services, so those claims fall within the scope of the arbitration clause.

2. **Validity of the arbitration clause**

Plaintiffs contend that the arbitration agreement is invalid and therefore unenforceable. Plaintiffs' argument has multiple steps. First, plaintiffs say that Florida law applies under a choice-of-law provision in the retainer agreement. Second, plaintiffs say that the arbitration clause is invalid under Florida law because it does not include a required notice about consulting with a different lawyer before agreeing to an arbitration clause. Alternatively, plaintiffs say that the arbitration agreement is invalid under Wisconsin law.

J. David's only response to plaintiffs' argument regarding the application of Florida law is that the retainer agreements "are silent as to which laws govern the interpretation of the Agreements" and that "no choice of law provision exists for contract interpretation within the Agreements." Dkt. 12, at 6. J. David does not explain further, but the court understands J.

David's position to be that the validity of the arbitration clause raises an issue of contract interpretation, and issues of contract interpretation fall outside the choice-of-law provision.

J. David does not identify any issues about the scope of the choice-of-law provision that would be decided differently under Florida or Wisconsin law. The choice-of-law provision states that "all disputes are governed by the jurisdiction and laws of Jacksonville, Florida in Duval County." Dkt. 1-1, at 5.[2] The phrase "all disputes" is broad, and J. David identifies no reason why it should not be construed as including disputes about the validity of the arbitration clause. The phrase "governed by the . . . laws of Jacksonville, Florida in Duvall County" is awkwardly worded, but both sides assume it requires application of Florida law, and that is the most reasonable interpretation. So the court will apply Florida law to determine the enforceability of the arbitration clause.

On the merits, plaintiffs rely on *Owens v. Corrigan*, 252 So.3d 747 (Fla. App. 4 Dist., 2018), in which the court invalidated an arbitration clause that applied to "[a]ny controversy, dispute or claim arising out of or relating to our fees, charges, performance of legal services, obligations reflected in this letter, or other aspects of our representation." The court relied on Florida Bar Rule 4–1.5(i), which prohibits a lawyer from requiring arbitration of "fee disputes" without first advising the client in writing to consider obtaining independent legal advice about entering into an agreement that contains a mandatory arbitration provision. The plaintiffs in *Owens* were suing their lawyer for malpractice, not a fee dispute, but the court said that did not matter. The arbitration clause at issue included fee disputes, and the court declined to sever the valid portion of the clause from the invalid portion:

---

[2] J. David does not contend that the choice-of-law provision is also a forum-selection clause, so J. David has forfeited that contention.

> The portion of the arbitration clause requiring arbitration of fee disputes was inextricably intertwined with the portion requiring arbitration of disputes concerning the performance of legal services. Stated another way, an attorney's entitlement to recover fees depends in large part upon the competence of the attorney's performance. *See, e.g., Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Thus, because the mandatory arbitration of fee disputes went to the essence of the arbitration agreement, we decline to sever the invalid portion of the arbitration clause, which would require us to rewrite the agreement. *See Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 459 (Fla. 2011) (refusing to sever the invalid portion of an arbitration agreement because it went to the "very essence of the agreement").

*Owens*, 252 So.3d at 751.

As in *Owens*, the retainer agreement between J. David and plaintiffs does not provide the notice required by Florida law. And as in *Owens*, J. David's arbitration clause applies to both fee disputes and malpractice claims. J. David identifies no way to distinguish the arbitration clause at issue in *Owens* from the arbitration clause in this case. J. David also does not contend that this court should disregard *Owens* because the Florida Supreme Court would likely reach a different conclusion or for any other reason.[3] In fact, J. David says nothing about *Owens* in either of its briefs. So J. David has forfeited any arguments to distinguish or disregard *Owens*, and the court will follow that case. This means that the arbitration agreement is invalid, and the court will deny the motion to compel. This makes it unnecessary to decide whether the arbitration clause is enforceable under Wisconsin law.

---

[3] The U.S. Supreme Court has held that an arbitration clause may not be invalidated by "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). J. David does not contend the principle in *Concepcion* applies to *Owens* or Florida Bar Rule 4–1.5(i), so the court does not consider that issue.

**B. Motion to dismiss Count 1 and strike class allegations**

J. David moves to dismiss plaintiffs' claim for unreasonable fees for failure to state a claim. In the same motion, J. David also asks the court to strike plaintiffs' class allegations. The court cannot decide the merits of the motion because of an important procedural issue that both sides have ignored: the claims in plaintiffs' complaint are based on Wisconsin law despite a choice-of-law provision directing the court to apply Florida law. As discussed in the previous section, the choice-of-law provision applies to "all disputes." Neither side explains why the provision would not apply to the merits of plaintiffs' claims, but both sides assume that Wisconsin law applies in their briefs on the motion to dismiss and strike.

A choice-of-law provision is not jurisdictional, so J. David could waive its application. But plaintiffs have already relied on the choice-of-law provision to defeat J. David's motion to compel arbitration. This raises the question whether plaintiffs should be judicially estopped from relying on Wisconsin law when they previously contended that Florida law applies. *Walton v. Bayer Corp.*, 643 F.3d 994, 1002–03 (7th Cir. 2011) (setting forth standard for judicial estoppel). Courts may raise judicial estoppel on their own motion. *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794–95 (7th Cir. 2013).

Defendants' motion assumes that Wisconsin law governs this case, so the court cannot consider the merits of the motion. Instead, the court will deny the motion without prejudice and direct the parties to address the following issues: (1) whether the choice-of-law provision governs the merits of plaintiffs' claims; (2) whether plaintiffs are judicially estopped from arguing that the choice-of-law provision does not apply to the merits of their claims; (3) if Florida law applies, whether some or all of plaintiffs' claims should be dismissed; and (4) if plaintiffs' claims should be dismissed, whether plaintiffs should be given leave to replead their

claims under Florida law. If the court ultimately concludes that Wisconsin law should apply, the court will again take up J. David's motion to dismiss and strike.

ORDER

IT IS ORDERED that:

1. Defendant J. David Tax Law, LLC's motion to compel arbitration, Dkt. 6, is DENIED.

2. J. David's motion to dismiss Count 1 and to strike the class allegations, Dkt. 18, is DENIED without prejudice.

3. The parties may have until June 26, 2024, to file briefs addressing the four issues identified in the opinion. If the court needs additional input after those submissions, the court will ask for it.

Entered June 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge